Hawkins, J.,
delivered the opinion of the Court.
On the 13th of September, 1865, Dickinson instituted an action of debt, in the Circuit Court of Fay-ette County, against Lee, Day, Cocke and Bell. The. summons was made returnable to the next term of said Court, which, by law, was to be holden on the second Monday in October, 1865, and was served on defendants Cocke and Bell on the third, and on the defendants Lee and Day, on the fourth day of October, 1865. The fourth day was the Wednesday next preceding the second Monday in October, the first day of the term and return day of the summons. The summons was returned into Court at said term, and the plaintiff having filed his declarations, and the defendants having failed to make any defense to the actions, a judgment by default was taken against them. Subsequently, the defendants Lee and Day filed a petition in said Court, alleging that the summons was not served upon them five days before the term of the Court at which the judgment by default was taken, and asking that said judgment be set aside, and they permitted to plead. At the February Term, 1866, of said Court, His Honor, the Circuit Judge, being of opinion that the summons was not served upon the defendants, Lee and Day, five days before said October Term, ordered that said judgment by default, be set aside, , the cause reinstated upon the docket, and that the defendants have leave to plead. Thereupon, the defendants jointly plead to the decltration, and the plaintiff having refused to reply to de *617 fendants’ plea, the Court ordered that the plaintiff be non-suited, and adjudged that the-defendants recover of the plaintiff the costs of the suit; to all of which the plaintiff excepted, and from which he has now appealed to this Court.
The only Question presented for our consideration, is this: "Was the summons served upon the defendants, Lee and Day, five days before the term of the Court at which the judgment by default was taken, within the meaning of section 2830 of the Code? or, in other, words, was the service of the summons on defendants, Lee and Day, on the Wednesday preceding the second Monday in October, 1865, sufficient to authorize the return thereof to said October Term, and a judgment by default against the defendants, upon their failure to appear and answer the action, at that term ?
Section 2830 of the Code is in these words, “all civil process, in courts of law or equity, except in cases otherwise provided in this Code, shall be returnable to the first day of the term next ensuing their issuance, if issued and served five days before such term. If issued or served within the five days, they shall be returned to the first day of the succeeding term. By the rules of the common law a distinction was made in the computation of time from an act done, and from the day of the date of an instrument. The day of the date of the instrument was excluded from, whilst the day upon which - the act was done, was included in the computation. But this distinction, says Judge Green, in delivering the opinion of the Court in the case of Jones vs. The Planters’ *618 Bank, 5 Ham., 621, “has not been adhered to by the Courts; on the contrary, cases exist where the day of the date has been included, in opposition to the rule, in order to save the right intended to be secured; and on the other hand, when the day the act was done, has, for a similar reason, been excluded.”
It is insisted, that, under the provisions of section 48 of the Code, Wednesday, the day upon which the summons was served, cannot be included in the computation. We are unable to perceive that the provisions of that section have any application whatever-to the question under consideration. They are as follows, viz: “The time within which any act provided by law is to be done, shall be computed by excluding the first day and including the last, unless the last day is Sunday, then it also shall be excluded.”
These provisions apply, as we concieve, to a very different class of cases; such, for example, as when the computation begins upon the happening of some event, or the performance of some act; and the performance of some act, within a given length of time thereafter, is indispensable in order that some right may be saved, or that some liability may be avoided. But, in this case, in order- that the summons may have been returnable to the October Term of the Court, instead of the next succeeding term, we would ask, within what time does ■ the law provide the act of service should have been-, performed ? The provision is, that it shall be done five days before the term; not within five days; it may have been served ten, twenty, or one hundred days previous to the term» *619 and in that case, by law, would have been returnable to the next ensuing term. We are not aware that this precise question has ever been before the Court, and being purely a matter of practice, we apprehend that it is not of so much practical importance whether it be settled one way or the other, as that it be, in fact, settled.
Judge Abraham Caruthers, in his work upon practice in the Courts of Tennessee, under the Code, entitled, “History of a Lawsuit,” in commenting upon the question, when should the writ be made returnable, says: “If the writ issues on the Wednesday before that day, (the first day of the next ensuing term,) that makes five days;” and such we believe to have been the uniform practice and received opinion of the bench and bar of the country; and especially in determining questions of practice, this is an authority always entitled to much weight, and in many instances is deemed conclusive.
In addition to this authority, it is clear, that, by the rules of the common law, and the weight of judicial authority in our own country as to the computation of time, Wednesday, the day upon which the process was served, must be included, and bein‘g included, the summons was served five days before the next ensuing term of the Court, and was, therefore, returnable to the October Term, 1865. It follows, then, that the judgment of the Court at its February Term, 1866, in setting aside the judgment by default, taken at the October Term, 1865, and in *620 giving the defendants leave to plead, and dismissing the plaintiff’s suit, was erroneous, and must be reversed.
The defendants’ petition will be dismissed, and the supersedeas discharged with costs.